**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ZHAO ZHIWEI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2497-SLP** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Zhao Zhiwei, a noncitizen[1] proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 2. Respondents filed a response, Doc. 9, and the time to file a reply has lapsed.[2] So, the matter is at issue.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] On October 30, 2026, Petitioner filed a letter that addressed his criminal history. Doc. 10. However, this letter does not reply to the substantive arguments made in Respondents' response. *See id.*

For the reasons below, the undersigned recommends that the Court **DENY** the petition.

## I. Factual background and procedural history.

Petitioner is a citizen of China who entered the United States on February 28, 2018, as a "nonimmigrant B2 visitor." Doc. 9, Ex. 1, at 1. Petitioner was permitted to stay in the United States until August 27, 2018. *Id*. However, Petitioner did not depart by this date and remained in the country.

On March 4, 2026, the Oklahoma Highway Patrol (OHP) encountered Petitioner during a commercial vehicle inspection. *Id*. Ex. 2, at 2. An OHP officer contacted Immigration and Customs Enforcement (ICE), which informed the officer that Petitioner was unlawfully present in the United States. *Id*. OHP then detained Petitioner and transferred him into ICE custody. *Id*. On that same date, ICE initiated removal proceedings against Petitioner by filing a Notice to Appear (NTA), issued a warrant for his arrest, and notified him that he would remain in custody throughout removal proceedings. *Id*. Exs. 1, 3-4. Petitioner requested an Immigration Judge's (IJ) redetermination of ICE's custody decision. *Id*. Ex. 4.

On March 11, 2026, an IJ denied Petitioner's request to be released on bond, finding that he was a danger to the community and a flight risk. *Id*. Ex.

5, at 1. On June 16, 2026, following Petitioner's second request, an IJ again denied bond, finding that Petitioner failed to establish a material change in circumstances since his prior hearing. *Id.* Ex. 6, at 1. On July 22, 2026, following Petitioner's third request, an IJ again denied bond, noting a prior criminal conviction and recent arrest. *Id.* Ex. 7, at 2. On August 21, 2026, an IJ ordered Petitioner to be removed from the United States.[3] Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA), which remains pending.[4]

ICE is currently detaining Petitioner at the Cimarron Correctional Facility in Cushing, Oklahoma. Doc. 12, at 1.

## II. Petitioner's claims.

Petitioner alleges that his detention is unlawful because: (1) OHP violated his Fourth and Fifth Amendment rights because it contacted ICE without finding that Petitioner committed a traffic violation; (2) ICE improperly arrested and revoked his release in violation of 8 C.F.R. § 241.4; (3) ICE did not issue a warrant following his arrest in violation of the Immigration

---

[3] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 12, 2026).

[4] *Supra* n.3.

and Nationality Act (INA) §§ 236 and 237; and (4) ICE did not grant him an individualized bond hearing in violation of 8 U.S.C. § 1226(a). Doc. 1, at 6-7. Petitioner asks the Court to order his immediate release, a bond hearing, or "an alternative." *Id.* at 7.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is not entitled to habeas relief.

The parties agree that § 1226(a) governs Petitioner's detention. Doc. 1, at 7; Doc. 9, at 1; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (finding that noncitizens subject to § 1226(a) were eligible for bond). That position is consistent with the record described here: Petitioner entered as a B-2 visitor, remained beyond his authorized stay, and was later

detained in the interior. *See Santillan Quiroz*, 180 F.4th at 1237. Respondents do not contend that he is subject to mandatory detention under § 1226(c). However, for the reasons below, the undersigned nonetheless finds that Petitioner is not entitled to habeas relief.

**A. Petitioner has not established entitlement to habeas relief based on OHP's alleged constitutional violations.**

First, to the extent that Petitioner contests the actions of OHP, Petitioner's constitutional claims fail because they do not relate to habeas relief or because he has failed to state a claim.

As to any Fourth Amendment claim, "[h]abeas has traditionally been a means to secure *release* from unlawful detention," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), while "the suppression of evidence is the typical remedy" for a Fourth Amendment violation, *Kanda v. Cole*, 830 F. Supp. 3d 659, 665 (S.D. Tex. 2026). "The 'body' or identity of a [non-citizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *see also Ramos v. Warden, Diamondback Corr. Facility*, No. CIV-26-2194-SLP, 2026 WL 3151527, at *2 (W.D. Okla. Oct. 21, 2026), *report and recommendation adopted*, 2026 WL 3259631 (W.D. Okla. Oct. 29, 2026).

The Court need not decide whether OHP's initial detention of Petitioner violated the Fourth Amendment. Petitioner has not shown that the alleged defect in that detention renders his current detention under § 1226(a) unlawful. The record reflects the subsequent administrative arrest warrant and immigration-court custody proceedings. Doc. 9, Exs. 1, 3, 5-7. The alleged illegality of the initial encounter, without more, does not establish entitlement to release in this proceeding. Thus Petitioner's Fourth Amendment claim fails.

Although Petitioner invokes the Fifth Amendment, he identifies no distinct procedural deficiency or other due-process violation establishing that his current immigration detention is unlawful. While the Court is permitted to liberally construe a pro se litigant's pleadings, it cannot "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. Allegations that are merely conclusory in nature, without supporting arguments, are insufficient to support a pro se litigant's claim for relief. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Thus, Petitioner's Fifth Amendment claim also fails.

### B. Petitioner's detention does not violate 8 C.F.R. § 241.4.

Second, § 241.4 does not apply to Petitioner's detention. Section 241.4 addresses how ICE may detain inadmissible, criminal, or other classes of noncitizens following a final order of removal. Although Petitioner was ordered removed, he timely appealed this removal order to the BIA and the appeal remains pending. This demonstrates that Petitioner's removal is not administratively final. *See* 8 C.F.R. § 1241.1(a) ("An order of removal . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]"). Thus, Petitioner's claim under § 241.4 fails.

### C. Respondents properly arrested Petitioner pursuant to a warrant.

Third, Petitioner's assertion that ICE failed to issue an arrest warrant is contradicted by the record. The record shows that an administrative arrest warrant was issued and served on March 4, 2026. Doc. 9, Ex. 3; *see also id.* Ex. 1, at 1. That administrative warrant defeats Petitioner's allegation that no warrant was issued. Its issuance and service on that date do not, standing alone, establish the precise sequence of Petitioner's initial detention and arrest. Nonetheless, Petitioner's claim fails.

**D. Petitioner was provided multiple bond hearings.**

Fourth, Petitioner has been provided with multiple bond hearings. Although Petitioner claims that he never received a bond hearing, the record demonstrates otherwise. The record shows that Petitioner received an initial bond determination on March 11, 2026, and subsequently sought renewed custody determinations in June and July. *Id.* Exs. 5-7. The IJ denied the June request because Petitioner had not demonstrated materially changed circumstances. *Id.* Ex. 6, at 1. The IJ denied the July request because of Petitioner's criminal history. *Id.* Ex. 7, at 2. Thus, Petitioner's claim that his detention violates § 1226(a) fails.

**V. Recommendation and notice of right to object.**

For the reasons above, the undersigned recommends that the Court deny the petition for habeas relief. Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 14, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 23rd day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE